UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

EDUARDO MACANCELA, on behalf of
himself and all others similarly situated                                COMPLAINT

                                                                         CLASS ACTION

                                                  Plaintiff,             FLSA COLLECTIVE
                                                                         ACTION

                    - against -

PORT DRAGO CORP. d/b/a
DRAGO SHOE REPAIR and CHARLES
DRAGO, individually,
                                                  Defendants.
-------------------------------------------------------------------X

   Plaintiff Eduardo Mancancela, by and through his attorneys, Beranbaum Menken LLP
and The Law Offices of Jacob Aronauer, complaining of Port Drago Corp. d/b/a Drago Shoe
Repair ("Drago Corp.") and Charles Drago ("C. Drago"), individually (collectively
"Defendants") on behalf of himself and all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. This is a class action brought on behalf of Plaintiff and all similarly situated individuals
who are employed by Defendants as shoe shiners and shoe repairers to recover unpaid
minimum wages, spread of hours and overtime compensation under the Fair Labor
Standards Act ("FLSA") and the New York Labor Law ("NYLL") against Defendants.

2. Plaintiff and the collective and Rule 23 class worked (or currently work) at the several
shoe repair stores individually owned by C. Drago.

3. As discussed in more detail below, there are approximately seven Drago Shoe Repair
stores throughout New York City owned and operated by C. Drago.

4.  Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers (the "FLSA Collective Class") who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at the shoe repair stores owned and controlled by C. Drago.

5.  Plaintiff also brings this action on behalf of himself and other similarly situated employees who worked more than ten hours per day for less than the minimum wage but were not paid spread of hours in pay in compliance with the NYLL.

6.  Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates in violation of said laws.

7.  Plaintiff also seeks to certify a class under Rule 23 on behalf of those similarly situated current and former shoe shiners and shoe repairers who were not paid overtime, minimum wages and spread of hours, and who were not provided written notices under the NYLL (the "Rule 23 Class").  Plaintiff and the FLSA collective class and the Rule 23 Class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages, minimum wages and spread of hours and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and the NYLL.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

9.  This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

### Plaintiff and the Putative Class

11. Plaintiff and the other members of the putative class are former and current employees of Defendants.

12. These positions include, but are not limited to, shoe shiners and shoe repairers.

13. From 1998 until June 2019, Plaintiff worked at Defendants' Penn Station location that was owned and operated by C. Drago.

14. Plaintiff worked as a shoe shiner for Defendants.

15. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

### Drago Corp. and C. Drago

16. Defendant Drago Corp. is a domestic limited liability company in the shoe shining and repair industry.

17. The corporate address listed for Drago Corp. is 625 8th Avenue, New York, New York 10018.

18. The Chief Executive Officer listed for Drago Corp. is Charles F. Drago, the individual Defendant in this action.

19.  As the Chief Executive Officer for Drago Corp., C. Drago has complete control of Drago Corp. and its operations.

20. As the Chief Executive Officer of Drago Corp., C. Drago determines the salaries and work schedule of its employees, including but not limited to, shoe shiners and shoe repairers.

21. At all times relevant to this action, Drago Corp. was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

22. Drago Corp. has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## FACTS

### The Drago Shoe Repair Empire

23. On information and belief, Defendants have been in business since approximately 1972.

24. On information and belief, Defendants have at least seven stores throughout New York City that are owned and operated by C. Drago.

25. Some of Defendants' stores include, but are not limited to, the following locations:  Fulton Street, Port Authority Bus Terminal and Hell's Kitchen.

26. Depending on the location, each of Defendants' respective stores is open between 5 to 6 days a week.

27. Virtually all Defendants' shoe shiners and shoe repairers work at least 5 days a week.

28. Most of Defendants' shoe shiners and shoe repairers work between 10-12 hours a day.

29. When Defendants' shoe shiners and shoe repairers leave work is contingent upon how busy the respective Defendants' store is on the day in question.

30. On information and belief, shoe shiners and shoe repairers are paid a flat daily rate that is not in compliance with the FLSA and NYLL minimum wage and overtime laws.

### Plaintiff's Employment at Defendants

31. For over ten years, without interruption, Plaintiff worked at Defendants' Penn Station location as a shoe shiner.

32. C. Drago or an immediate family member of C. Drago was the individual who interviewed Plaintiff.

33. C. Drago or an immediate family member of C. Drago made the determination to hire Plaintiff.

34. C. Drago or an immediate family member of C. Drago told Plaintiff what his job duties would be at Defendants.

35. C. Drago or an immediate family of C. Drago told Plaintiff what his work schedule would be at Defendants' Penn Station location.

36. From at least 2014 until the end of his employment, Plaintiff was never required to "clock in" or "clock out" at Defendants.

37. From June 2013 through October 2018, Plaintiff always worked more than 40 hours a week.

38. Throughout Plaintiff's employment with Defendants, even though Plaintiff was not exempt, Plaintiff was not paid overtime in compliance with the FLSA and NYLL.

39. Under the NYLL, employers are obligated to pay an extra hours' pay when employees work more than ten (10) hours a day.

40. Plaintiff often worked more than ten (10) hours a day at Defendants.

41. When Plaintiff worked more than ten (10) hours a day, he was not paid an extra hours' pay.

42. By failing to pay Plaintiff an extra hours' pay for when he worked ten (10) hours or more, Defendants violated the New York Spread of Hours law.

43. In 2013, Defendants paid Plaintiff $15 USD a day.

44. In 2014, Defendants paid Plaintiff $15 USD a day.

Case 1:19-cv-05856-JLC    Document 1    Filed 06/21/19    Page 6 of 23

45. In 2015, Defendants paid Plaintiff $20 USD a day.

46. In 2016, Defendants paid Plaintiff $20 USD a day.

47. In 2017, Defendants paid Plaintiff $25 USD a day.

48. In 2018, Defendants paid Plaintiff $25 USD a day.

49. By paying Plaintiff such a low flat daily rate, Defendants failed to pay him the lawful minimum wage in violation of the FLSA and NYLL.

50. Defendants attempted to "cover their tracks" with respect to the unlawful manner they paid Plaintiff and the class.

51. Even though Plaintiff was paid in cash and not in compliance with the FLSA and the NYLL, Defendants provided Plaintiff with inaccurate paystubs.

52. On information and belief, not a single paystub listed Plaintiff as ever having worked a single hour of overtime.

53. Instead, the paystubs routinely listed Plaintiff as having worked between 15-35 hours a week.

54. For example, for the week ending on January 14, 2017, Defendants gave Plaintiff an inaccurate paystub listing him as having worked exactly 28 hours at a rate of $8.03 cents an hour. A copy of this inaccurate paystub is annexed hereto as Exhibit A.

55. Likewise, for the week ending April 21, 2018 Defendants gave Plaintiff an inaccurate paystub listing him as having worked exactly 20 hours at a rate of $9.80 cents an hour. A copy of this inaccurate paystub is annexed hereto as Exhibit B.

56. The paystubs incorrectly lists withholdings. In reality, Defendants never withheld any monies from Plaintiff.

**Defendants Did Not Correctly**
**Apply the NYLL Tip Credit to Plaintiff**

57. For the reasons set forth herein, Defendants incorrectly applied the tip credit to Plaintiff.

58. First, Defendants failed to provide notice to Plaintiff, upon hire, that he was being paid less than the regular minimum wage.

59. Second, Defendants never told Plaintiff which portion of his minimum wage was being compensated in tip credit.

60. Third, Defendants failed to correctly apply the tip credit because they did not notify Plaintiff on each paystub that Defendants were paying him less than the minimum wage because he was receiving tips.

61. Fourth, Defendants failed to comply with the tip credit provisions because they did not notify Plaintiff of his rate of compensation.

62. Fifth, when Plaintiff received a change in salary, Defendants were required to provide Plaintiff with a 195(1) notice form under NYLL.

63. Defendants, though, did not provide Plaintiff with a 195(1) notice form.

**Defendants Failed to Provide Plaintiff with Spread of Hours Pay**

64. Throughout his employment with Defendants, Plaintiff regularly worked ten or more hours a day.

65. During this time period, Plaintiff was paid less than the applicable New York minimum wage.

66. Throughout this time period, Defendants failed to pay Plaintiff an extra hours' pay at the applicable minimum wage when he worked ten hours or more as required under New York's spread of hours law.

**Defendants' Practices Regarding the**
**Wages and Hours of Other Employees**

67. Defendants paid and continue to pay other shoe shiners and shoe repairers in a manner similar to Plaintiff.

68. Specifically, Defendants failed to pay and all shoe shiners and shoe repairers the required minimum wage and overtime wages because they paid them a minimal flat daily rate instead.

69. Defendants also did not pay the required spread of hours pay to other shoe shiners and shoe repairers when they worked ten hours or more in a workday.

70. Defendants also did not provide all shoe shiners and shoe repairers wage notices upon hire and wage statements when they paid shoe shiners and shoe repairers as required under NYLL 195.

**Defendants' Violations of the Wage Theft Prevention Act**

71. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates upon hire and when they receive wage increases.

72. Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff's wages without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

73. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical

8

address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

74. Upon information and belief, wage notices and statutory notices were never given to or signed by any other employee at Defendants.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

75. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated shoe shiners and shoe repairers who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

76. The FLSA Collective Plaintiffs consist of more than 50 similarly situated current and former employees of Defendants, who have been victims of Defendants' policies and practices that have violated their rights under the FLSA, by inter alia, willfully denying them minimum wages and overtime wages.

77. Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and the FLSA Collective Plaintiffs.

78. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective Plaintiffs.  This policy, pattern or practice includes, but is not limited to:

> (a)    not providing shoe shiners and shoe repairers accurate paystubs setting forth their hourly rate and the hours worked;

> (b)    paying shoe shiners and shoe repairers a flat daily rate in currency that was less than the applicable minimum wage under the FLSA;

9

(c)    requiring all shoe shiners and shoe repairers to work more than 40 hours a week but not paying them time and one half for all work performed after 40 hours, but instead just paying shoe shiners and shoe repairers a minimal flat daily rate.

79. Defendants' unlawful conduct, as described in this Complaint, is pursuant to a company policy or practice of minimizing labor costs by failing to adequately compensate Plaintiff and the FLSA Collective Plaintiffs for the hours and overtime hours worked.

80. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective Plaintiffs minimum wage and overtime premiums for hours worked in excess of 40 per workweek.

81. Plaintiff and the FLSA Collective Plaintiffs perform or performed the same primary duties and were subject to the same policies and practices by Defendants.

82. Defendants' unlawful conduct is widespread, repeated and consistent.

83. There are many similarly situated current and former non-exempt shoe shiners and shoe repairers who have been denied overtime wages and minimum wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the FLSA Collective Plaintiffs pursuant to 29 U.S.C. § 216(b).

84. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS AGAINST DEFENDANTS

85. Proposed Class.  The proposed class comprises all individuals who worked for Defendants as shoe shiners and/or shoe repairers during the applicable period.

86. All class members were not paid correctly in accordance with the NYLL.

87. All class members were not provided with wage notices and wage statements as required by the NYLL.

88. These class members worked more than 40 hours per week for Defendants. The class members, though, were not paid overtime in compliance with the NYLL in that they were not paid time and one half for all work performed after 40 hours.

89. Class members were also not paid spread of hours pay in accordance with the NYLL.

90. Class members were further not paid minimum wage in compliance with the NYLL for all work performed up to 40 hours per week.

91. <u>Ascertainability.</u>    The identity of all class members is readily ascertainable from Defendants' records, and class notice can be provided to all class members by means permitted by Rule 23 of the Federal Rules of Civil Procedure. To be effective, class notice should be provided not only through written communication to each class member's last known address as reflected in Defendants' records, but also through Spanish and Portuguese language newspaper and radio announcements, workplace postings, and other alternative means of notice designed to reach this class of transient, non-English speaking employees.

92. <u>Numerosity.</u> The size of the class makes a class action both necessary and efficient. The size of the class consists of more than 50 employees. The class is so numerous that joinder is impracticable.

93. <u>Common Questions Of Law and Fact.</u> This case poses common questions of law and fact affecting the rights of all class members, including:

    a)  Whether Defendants' policies and practices regarding payment of minimum wage compensation were compliant with the FLSA and NYLL;

b) Whether Defendants' policies and practices regarding payment of overtime compensation were compliant with the FLSA and NYLL;

c) Whether Defendants' policies and practices regarding payment of spread-of-hours compensation were compliant with the NYLL;

d) Whether wage notifications provided by Defendants to Plaintiff and the class were compliant with the New York Wage Theft Prevention Act;

e) Whether wage statements provided by Defendants to Plaintiff and the class were compliant with the New York Wage Theft Prevention.

94. Typicality. The claims of the individual Plaintiff are typical of the claims of the class as a whole. Defendants' unlawful wage policies and practices, which have operated to deny Plaintiff and the class the overtime, minimum wage and spread of hours compensation required by law, are typical of the unlawful wage policies and practices that have and will continue to operate to deny other class members lawful compensation.

95. Adequacy of Class Representation. The named Plaintiff can adequately and fairly represent the interests of the class as defined above, because his individual interests are consistent with, and not antagonistic to, the interests of the class.

96. Propriety of Class Action Mechanism. Defendants have implemented a series of unlawful schemes that are generally applicable to the class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole. Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class. The prosecution of separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudication, which would establish incompatible standards of conduct for Defendants. For all these and other reasons, a class action is

superior to other available methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

97. This action is properly maintainable as a class action under Federal Rules of Civil Procedure ("FRCP") 23(b)(2) and 23(b)(3).

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act-Minimum Wages and Overtime Wages**
**(Brought on Behalf of Plaintiff and the FLSA Collective Plaintiffs)**

98. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

99. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

100. At all times relevant, Plaintiff and the FLSA Collective Plaintiffs were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 et seq., and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 203. At all relevant times, each Defendant has employed "employee[s]," including Plaintiffs and the FLSA Collective Plaintiffs.

101. Defendants were required to pay directly to Plaintiff and the FLSA Collective Plaintiffs the applicable federal minimum wage rate for all hours worked.

102. Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs the minimum wages to which they are entitled under the FLSA.

103. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective Plaintiffs.

104. Plaintiff and the FLSA Collective Plaintiffs worked in excess of forty hours throughout the relevant period.

105. Defendants willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the appropriate overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations.

106. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

107. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 28 U.S.C. §§ 201 et seq.

108. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have suffered damages by being denied minimum wages and overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

**SECOND CAUSE OF ACTION**
**NYLL—Failure to Pay Minimum Wage, Overtime Wage and Spread of Hour**
**(Brought on Behalf of Plaintiff and the Rule 23 Class)**

109. Plaintiff, on behalf of himself and the Rule 23 Class, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

110. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

111. At all times relevant, Plaintiff and the Rule 23 Class were employees of Defendants within the meaning of the NYLL §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

112. At all times relevant, Plaintiff and the Rule 23 Class were covered by the NYLL.

113. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff and the Rule 23 Class.

114. Defendants failed to pay Plaintiff and the Rule 23 Class the minimum hourly wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

115. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the Rule 23 Class, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

116. Defendants failed to pay Plaintiff and the Rule 23 Class the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NYLL.

117. Defendants' failure to pay required overtime was willful.

118. Throughout their employment, Plaintiff and the Rule 23 Class frequently worked ten hours or more in a workday.

119. Defendants willfully failed to compensate Plaintiff and the Rule 23 Class with an extra hour's pay at the basic New York minimum hourly wage rate on days in which the length of their workday was more than ten hours, as required by New York law.

120. Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, overtime wages, spread of hours, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
### (Brought on Behalf of Plaintiff and the Rule 23 Class)

121. Plaintiff, on behalf of himself and the Rule 23 Class, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

122. Defendants willfully failed to supply Plaintiff and the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in his primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191.

123. Through their knowing or intentional failure to provide Plaintiff and the Rule 23 Class notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 et seq.

124. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with wage notices, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law- Failure to Provide Wage Statements**
**(Brought on Behalf of Plaintiff and the Rule 23 Class)**

125. Plaintiff, on the behalf of himself and the Rule 23 Class, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

126. Defendants willfully failed to supply Plaintiff and the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

127. Through their knowing or intentional failure to provide Plaintiff and the Rule 23 Class with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations regulations.

128. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Rule 23 Class are entitled to statutory penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff and the Rule 23 Class with accurate wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the entry of an order and judgment against Defendants Port Drago Corp. d/b/a Drago Shoe Repair and Charles Drago, individually as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b) against both Drago Corp. and C. Drago;

(b) Certification of this case as a class action pursuant to Rule 23 of the FRCP against Drago Corp. and C. Drago;

(c) Designation of the named Plaintiff as a representative of the Rule 23 Class and counsel of record as Class Counsel;

(d) Damages for unpaid minimum wages in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(e) Damages for the unpaid minimum wages, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations, and interest, attorneys' fees, and the cost of the action;

(f) Damages for the unpaid overtime wages in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(g) Damages for unpaid overtime wages in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

18

(h) Damages for unpaid spread-of-hours in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(i) Penalties of fifty dollars for each workday that Drago Corp. and C. Drago failed to provide Plaintiff and the Rule 23 Class with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(j) Penalties of two hundred and fifty dollars for each workday that Drago Corp. and C. Drago failed to provide Plaintiff and the Rule 23 Class with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(k) For pre-judgment and post-judgment interest on the foregoing amounts;

(l) For the costs and disbursements of the action, including attorneys' fees; and

(m) For such other further and different relief as the Court deems just and proper.

Dated:  June 21, 2019
     New York, New York

         Respectfully submitted,

         **BERANBAUM MENKEN LLP**

         */s/ Bruce E. Menken*
         Bruce Menken

         **LAW OFFICES OF JACOB ARONAUER**

         */s/ Jacob Aronauer*
         Jacob Aronauer

         *Attorneys for Plaintiff*

# Exhibit A

**PERSONAL AND CHECK INFORMATION**

Fernando Chedraui
104-41 35th Ave
Queens, NY 11368

Soc Sec #: xxx-xx-xxxx    **Employee ID:** 207
**Home Department:** 106 Dd

**Pay Period:** 01/08/17 **to** 01/14/17
**Check Date:** 01/18/17    **Check #:** Paid in Cash

**NET PAY ALLOCATIONS**

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| Check Amount | 90.55 | 172.87 |
| **NET PAY** | **90.55** | **172.87** |

**EARNINGS**

| DESCRIPTION | RATE | HOURS | PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|
| Hourly | 28.00 | 8.3000 | 232.40 | 74.00 | 576.70 |
| **Total Hours** | 28.00 | | | 74.00 | |
| **Gross Earnings** | | | 232.40 | | 576.70 |
| **Total Hrs Worked** | 28.00 | | | | |

**OTHER ITEMS**
*Do not increase Net Pay*

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| Tips | 76.00 | 188.00 |

**WITHHOLDINGS**

| DESCRIPTION | FILING STATUS | THIS PERIOD ($) | YTD ($) |
|---|---|---|---|
| Social Security | | 19.12 | 47.41 |
| Medicare | | 4.47 | 11.09 |
| Fed Income Tax | M 3 +$25 | 25.00 | 75.00 |
| NY Income Tax | M 3 +$5 | 8.91 | 20.32 |
| NY Disability | | 0.60 | 1.80 |
| NY NYC Inc | M 3 | 2.75 | 5.21 |
| **TOTAL** | | 60.85 | 160.83 |

**DEDUCTIONS**

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| Garn Ishee | 81.00 | 243.00 |
| **TOTAL** | 81.00 | 243.00 |

| NET PAY | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| | **90.55** | **172.87** |

*Payrolls by Paychex, Inc.*

**0027 0020-3222**  Port Drago Corp • Drago Shoe Repair • 625 8th Avenue • New York NY 10018 • (212) 947-8946

# Exhibit B

FOLD AND REMOVE

**PERSONAL AND CHECK INFORMATION**

Fernando Chedraui
104-41 35th Ave
Queens, NY 11368
Soc Sec #: xxx-xx-xxxx    **Employee ID:** 207

**Home Department:** 106 Dd

**Pay Period:** 04/15/18 **to** 04/21/18
**Check Date:** 04/25/18   **Check #:** Paid in Cash

**NET PAY ALLOCATIONS**

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| Check Amount | 60.22 | 1032.13 |
| **NET PAY** | **60.22** | **1032.13** |

**EARNINGS**

| DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|
| Hourly | 20.00 | 9.8000 | 196.00 | 344.00 | 3347.20 |
| Total Hours | 20.00 | | | 344.00 | |
| **Gross Earnings** | | | 196.00 | | 3347.20 |
| Total Hrs Worked | 20.00 | | | | |

**OTHER ITEMS**
Do not Increase Net Pay

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| Tips | 64.00 | 1094.00 |

**WITHHOLDINGS**

| DESCRIPTION | FILING STATUS | THIS PERIOD ($) | YTD ($) |
|---|---|---|---|
| Social Security | | 16.12 | 275.35 |
| Medicare | | 3.77 | 64.40 |
| Fed Income Tax | M 3 +$25 | 25.00 | 425.00 |
| NY Income Tax | M 3 +$5 | 6.98 | 122.71 |
| NY Disability | | 0.60 | 10.20 |
| NY Disability PFL | | 0.33 | 5.63 |
| NY NYC Inc | M 3 | 1.98 | 34.78 |
| **TOTAL** | | 54.78 | 938.07 |

**DEDUCTIONS**

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| Garn Ishee | 81.00 | 1377.00 |
| **TOTAL** | 81.00 | 1377.00 |

| | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| **NET PAY** | 60.22 | 1032.13 |

*Payrolls by Paychex, Inc.*

**0027 0020-3222** Port Drago Corp • Drago Shoe Repair • 625 8th Avenue • New York NY 10018 • (212) 947-8946